UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X

CHRISTIAN URBINA,

                                Plaintiffs,

        -against-

PORT AUTHORITY OF NEW YORK AND NEW
JERSEY,

                              Defendant.

------------------------------------------------------------------ X

**15-CV-8647**

**COMPLAINT
AND DEMAND
FOR JURY TRIAL**

Plaintiff, by his attorneys below signed, allege as follows:

## INTRODUCTION

1. This is a civil rights lawsuit seeking injunctive relief, lost wages, overtime, and damages. Plaintiff holds a position with Defendant Port Authority of New York and New Jersey ("PA"), he alleges that he had a property interest in that position, that he was summarily, without due process, suspended from that position without pay, that the suspension was maintained without recourse to due process, and that that suspension caused both a loss of property interest and damage to his reputation, thereby depriving him of a liberty interest (his ability to get a job in law enforcement) without due process of law.

## JURISDICTION

2. This Court's jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1983.

## PARTIES

3. Christian Urbina is a U.S. citizen, and at all relevant times was an employee of the PA. He is employed by the Port Authority Police Department ("PAPD"). He resides in Manhattan, New York.

4. The PA is a government agency run by officials appointed by the States of New York and New Jersey. Its principal office is located at 225 Park Avenue South, New York, New York 10003.

## AS AND FOR A FIRST
## CAUSE OF ACTION

5. Plaintiff Urbina became employed by the PA on January 8, 2007 as a Police Officer.

6. Plaintiff Urbina was charged with resisting arrest and disorderly conduct by the State of New York for an off-duty incident which occurred on August 12, 2012.

7. Shortly after being charged Officer Urbina was suspended from work by the PAPD without pay.

8. Officer Urbina was never personally served, or officially informed of any pending, administrative PAPD charges stemming from the off-duty incident which occurred in August 2012.

9. On April 1, 2014 the New York State charges against Officer Urbina were dismissed; a copy of the dismissal is attached herein as Exhibit A.

10. Plaintiff Urbina has been in continuous negotiation with the PAPD, since April 2014, to drop any pending disciplinary charges and return to work. The PA has committed to bring Plaintiff Urbina back to work and reimburse his backpay and overtime on several occasions, but has reneged on every one of those commitments. Meanwhile, PAPD has not

advanced any charges or scheduled a hearing, and any answers about his status to other potential employers will result in that employer being informed that Plaintiff is suspended from work.

11. Without a hearing Plaintiff cannot clear his name.

12. In concert with these negotiations, that were carried out in bad faith by the PA, Plaintiff Urbina has been denied the opportunity to have any kind of hearing on the pending administrative charges, clear his name, and return to work.

13. Upon information and belief, the PA has continued Officer Urbina's suspension and balked at bringing Plaintiff Urbina back to work because of its desire to have him waive his contractual right to full backpay and the portion of his missed overtime opportunities that he is entitled to under Article XXVIII. of the Memorandum Agreement between the Port Authority of New York and New Jersey and the Port Authority Benevolent Association, Inc. ("CBA"). Excerpts of the CBA are attached herein as Exhibit B. This is not a legitimate reason to hold Plaintiff out of work.

14. The PA has further contributed to the financial distress of Officer Urbina, as by the terms of Officer Urbina's employment the PAPD is required to approve any outside employment and they have continuously ignored multiple requests made by Officer Urbina for the approval of outside employment, without any response, while he has been suspended.

15. By suspending and continuing plaintiff's suspension, without proper charges or a hearing, the PA violated his right not to be deprived of property without due process of law, in violation of the Fifth and Fourteenth Amendments to the U.S. Constitution.

### AS AND FOR A SECOND CAUSE OF ACTION

16. The PA's continued indefinite suspension of plaintiff caused severe and permanent injury to his reputation. He had been employed as a Police Officer for four and half

3

years prior to his suspension and could not find work in his chosen profession because of the "suspended" status.

17. By suspending Plaintiff in a manner which causes injury to his reputation and denies him a venue to clear his name, the PA violated his rights to due process under the Fifth and Fourteenth Amendments to the U.S. Constitution.

## INJURY

18. The indefinite suspension caused plaintiff irreparable injury to his reputation.

19. The suspension caused plaintiff:

    a. to lose wages, to lose vacation accrual, to lose service credits to pension, to lose the ability to contribute to the deferred compensation system for retirement, and

    b. to lose contractually guaranteed compensation for lost overtime opportunities, and

    c. to suffer emotional distress, with attendant physical symptoms due to his inability to work, to his injury in a sum of $500,000.

20. The suspension without due process was undertaken with a reckless disregard of plaintiff's rights, entitling him to punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court enter preliminary and permanent injunctive relief, and enter judgment:

1. Reinstating Plaintiff to his position in the Port Authority of New York and New Jersey.

2. Award Plaintiff full back pay and lost benefits, including lost opportunities for overtime compensation.

3.  Award Plaintiff $500,000 in compensatory damages, for emotional distress.

4.  Award Plaintiff punitive damages in the sum of $1 million.

5.  Award Plaintiff attorneys' fees, costs, and disbursements.

6.  Granting such other and further relief as is just and equitable.

## JURY DEMAND

Plaintiff demands a jury trial.

Dated: November 2, 2015

ADVOCATES FOR JUSTICE,
CHARTERED ATTORNEYS
Attorneys for Plaintiffs

By: _____
Arthur Z. Schwartz
Richard Soto
225 Broadway, Suite 1902
New York, New York  10007
(212) 285-1400

# EXHIBIT A

CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK

CERTIFICATE OF DISPOSITION
NUMBER: 92860

THE PEOPLE OF THE STATE OF NEW YORK
VS

URBINA, CHRIS
Defendant

04/11/1979
Date of Birth

211 SHERMAN AVEN
Address

1811905H
NYSID Number

MANHATTAN        NY
City        State   Zip

08/12/2012
Date of Arrest/Issue

Docket Number: 2012NY080651        Summons No:

205.30 240.20 240.20
Arraignment Charges

Case Disposition Information:

| Date | Court Action | Judge | Part |
|---|---|---|---|
| 04/01/2014 | DISM - SPEEDY TRIAL PROVISIONS | CRANE, M | E |

I HEREBY CERTIFY THAT THIS IS A TRUE EXCERPT OF THE RECORD ON FILE IN THIS COURT.

FANELLI, R
COURT OFFICIAL SIGNATURE AND SEAL

04/03/2014
DATE        FEE: 10.00

(CAUTION: THIS DOCUMENT IS NOT OFFICIAL UNLESS EMBOSSED WITH THE COURT SEAL OVER THE SIGNATURE OF THE COURT OFFICIAL.)

SEALED
pursuant to Section 160.50 of the CPL

# EXHIBIT B

k)  i) If a Police Officer is administratively suspended, disciplinary charges must be filed against the Police Officer no later than one hundred and twenty days after the first day of that suspension to continue him on administrative suspension. If the disciplinary charges are not filed within that period, the Police Officer shall be removed from administrative suspension no later than the end of the one hundred and twenty day period and he shall receive payment with respect to the period of his administrative suspension in an amount based upon an estimate of missed opportunities to earn overtime during his administrative suspension. The estimate shall be determined as provided in the next paragraph.

ii) A Police Officer against whom disciplinary charges have been filed who has been administratively suspended but who has not been dismissed from employment shall receive payment of an amount based on an estimate of his missed opportunities to earn overtime during that administrative suspension. The estimate shall be determined as follows:

First, an initial estimate shall be determined by use of the following formula:

$$\frac{a}{b} = \frac{c}{d}$$

where "a" is the average overtime earned per pay period by the suspended Police Officer during the seventy-eight (or the actual number if less than seventy-eight) pay periods immediately prior to the pay period during which his suspension commenced;

"b" is the average overtime earned per pay period per Police Officer during those seventy-eight (or the actual number if less than seventy-eight) pay periods at the Police Command to which the suspended Police Officer was assigned during that period. If the Police Officer was assigned to more than one Police Command during that period, then the average overtime for the period shall be determined by using average overtime earned per Police Officer at each Police Command to which the Police Officer was assigned during that period for the pay periods he was assigned to that Police Command;

"c" is the initial estimate of the Police Officer's missed overtime earned per pay period to be determined, and

"d" is the average overtime earned per pay period per Police Officer at the Police Command to which the suspended Police Officer is assigned during the same pay periods of the Police Officer's administrative suspension.

Upon determination of "c", that amount shall be multiplied by the number of pay periods that the Police Officer was on administrative suspension, provided that any pay period during that suspension in which the Police Officer was absent due to sickness or injury incurred in the line of duty on at least half of his scheduled work days shall not be used in that multiplication. Then, from that amount shall be subtracted all overtime, if any, earned by the Police Officer during the suspension. The resulting balance shall be paid to the Police Officer as and for missed overtime.

l) If a Police Officer who is suspended without pay is changed to administrative suspension or returned to full duty he shall receive payment of his full pay for the period during which he was suspended without pay except payment for missed overtime opportunities. If such Police Officer is not dismissed from employment the calculation of missed overtime opportunities shall be made in accordance with the method set forth in paragraph j (ii), above, except that the period of suspension shall include the period during which the Police Officer was suspended without pay.

m) A Police Officer charged in a disciplinary proceeding shall not be permitted to take personal leave on a day for which a hearing in that disciplinary proceeding is scheduled, provided, however, if the person(s) before whom such hearing is to be held grants an adjournment of the hearing scheduled for a particular day, personal leave may be taken on that day.

n) The following shall be substituted for and implemented in lieu of Rule 4 in Document G of this Memorandum of Agreement:

**Rule 4.** Warnings required in cases of Criminal Investigation or Criminal charges against employee.

If an employee is under arrest, or is a subject of a criminal investigation, or there is a substantial likelihood that criminal charges against the employee may result from the investigation, he shall be given a written statement as to the alleged criminal matter(s) under investigation and he shall be warned of his rights as follows:

"I wish to advise you that you are being questioned as part of an official investigation by the Port Authority Police. You will be asked questions specifically directed and narrowly related to the performance of your official duties with respect to the alleged criminal matter(s) under investigation. You are entitled to all the rights and privileges guaranteed by the laws of the State of New York or New Jersey, the